IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| SHARRON BROOKS | * |
| PLAINTIFF | * |
| V. | * CASE NO. 4:16CV00473 WW |
| CINDY GILLESPIE, Director, ARKANSAS DEPARTMENT OF HUMAN SERVICES | * |
| DEFENDANT | * |

## OPINION AND ORDER

Plaintiff Sharron Brooks ("Brooks") filed this employment dispute against Cindy Gillespie, Director of the Arkansas Department of Human Services ("ADHS"), sued in her official capacity only. Before the Court is ADHS's motion for summary judgment [ECF Nos. 23, 24, 25], Brooks's response in opposition [ECF Nos. 31, 33], and ADHS's reply [ECF No. 34]. After careful consideration, and for reasons that follow, summary judgment is granted in favor of ADHS.

### I. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly

1

supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986)

The non-moving party may not rest on mere allegations or denials of his pleading but must come forward with 'specific facts showing a genuine issue for trial. *Id*. at 587. "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).

## II. Background

Brooks, who is black, has worked for ADHS since 2007, and she brings this action claiming that ADHS rejected her applications for promotion because of her race and gender. Brooks started her employment with ADHS working as an administrative assistant, and in 2009, the agency promoted her to a program coordinator position. In January 2014, Brooks submitted applications for three openings for senior auditor positions, a job that carried minimum qualifications as follows:

> The formal education equivalent of a bachelor's degree in accounting, finance, or related field; plus three years of experience in accounting, auditing, or a related area, including one year in an organizational auditing capacity. Additional requirements determined by the agency for recruiting purposes require review and approval by the Office of Personnel Management. OTHER JOB RELATED EDUCATION AND/OR EXPERIENCE MAY BE SUBSTITUTED FOR ALL OR PART OF THESE BASIC REQUIREMENTS, EXCEPT FOR CERTIFICATION OR

2

LICENSURE REQUIREMENTS, UPON APPROVAL OF THE QUALIFICATIONS REVIEW COMMITTEE.[1]

Brooks did not meet the minimum job qualifications for senior auditor, and ADHS cancelled the job openings for lack of qualified applicants.

In December 2014, Brooks applied for another senior auditor job opening. This time, Brooks met the minimum qualifications and benchmark criteria, and ADHS interviewed her for the job but hired a white male named Mark Speight ("Speight") for the position. In August 2014, approximately four months after ADHS hired Speight as a senior auditor, it posted an audit coordinator position, a job that required a bachelor's degree in accounting, finance, or a related field; four years' experience in accounting, finance or related field; and two years in a supervisory or leadership capacity. Brooks and Speight both applied for the position, and ADHS selected Speight for the job.

On June 30, 2016, Brooks filed this action, charging that ADHS failed to promote her because of her race and sex, in violation of Title VII, the Arkansas Civil Rights Act, and 42 U.S.C. § 1983.

### III. Discussion

ADHS and Gillespie assert Eleventh Amendment immunity, and they argue that there are no genuine issues for trial on the merits of Brooks's discrimination claims.

**Sovereign Immunity**

The sovereign immunity of the States recognized in the Eleventh Amendment bars any suit brought in federal court against a state or state agency, regardless of the nature of

---

1 ECF No. 24-3.

the relief sought, unless Congress has abrogated the States' immunity or a state has consented to suit or waived its immunity. *See Seminole Tribe v. Florida*, 517 U.S. 44, 74 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edleman v. Jordan*, 415 U.S. 651, 663 (1974). Additionally, "the Eleventh Amendment prohibits federal-court lawsuits seeking monetary damages from individual state officers in their official capacities because such lawsuits are essentially 'for the recovery of money from the state.'" *Treleven v. University of Minnesota*, 73 F.3d 816, 818 (8th Cir. 1996)(quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464, 65 S. Ct. 347(1945)).

Congress validly abrogated the Eleventh Amendment with the enactment of Title VII, *see Warren v. Prejean*, 301 F.3d 893, 899 (8th Cir. 2002), thus Brooks's claims under Title VII are not barred. However, the ADHS has neither consented to suit nor waived its immunity with respect to Brooks's claims pursuant to § 1983, and Congress did not abrogate the States' sovereign immunity when it enacted the statute. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989)(state is entitled to Eleventh Amendment immunity in suits brought under 1983); S*ingletary v. Missouri Dep't of Corr.*, 423 F.3d 886, 890 (8th Cir. 2005)(state enjoys Eleventh Amendment immunity against 1981 liability). Accordingly, the Court lacks subject matter jurisdiction over Brooks's § 1983 claim, and the same is true of her claim under the ACRA. *See Ark. Code Ann*. § 16-123-104("Nothing in this subchapter shall be construed to waive the sovereign immunity of the State of Arkansas.").

**Title VII, Race and Sex Discrimination**

Because Brooks presents no evidence that directly points to the presence of discriminatory motive based on race or sex, the Court must determine whether she survives summary judgment under the *McDonnell Douglas* burden-shifting analysis. To establish a *prima facie* case of discrimination, Brooks must show that (1) she was a member of a protected group; (2) she was qualified and applied for a promotion to an available position; (3) she was not selected for the position; and (4) ADHS hired an individual who was not a member of her protected class. *Arraleh v. Cty. of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006)(citing *Kobrin v. Univ. of Minn.*, 34 F.3d 698, 702 (8th Cir.1994)).

If Brooks establishes a *prima facie* case, ADHS can rebut the presumption of discrimination with evidence that it rejected Brooks, or preferred someone else, for a legitimate, nondiscriminatory reason. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). Once ADHS meets its burden, Brooks may prevail by pointing to evidence that would expose ADHS's stated reason as a mere pretext for intentional discrimination. *Id*.

ADHS asserts that it hired Speight over Brooks for the senior auditor and audit coordinator positions because he was better qualified for the jobs than Brooks. Because AGFC has asserted a legitimate reason for its hiring decision, the Court will assume the existence of a *prima facie* case and move directly to the issue of pretext.[2] "'Where . . .

---

2 "[I]f an employer has articulated a legitimate reason for its actions, it is permissible for courts to presume the existence of a prima facie case and move directly to the issue of pretext and the determinative issue of causation

5

the employer contends that the selected candidate was more qualified for the position than the plaintiff, a comparative analysis of the qualifications is relevant to determine whether there is reason to disbelieve the employer's proffered reason for its employment decision.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1048 (8th Cir. 2011)(citing *Chock v. Northwest Airlines, Inc.*, 113 F.3d 861, 863 (8th Cir. 1997)). If the comparison demonstrates that the plaintiff was only similarly qualified or not as qualified as the selected candidate, there is no inference of discrimination. *Id*.

"Although an employer's selection of a less qualified candidate can support a finding that the employer's nondiscriminatory reason for the hiring was pretextual, it is the employer's role to identify those strengths that constitute the best qualified applicant." *Gilbert v. Des Moines Area Cmty. Coll.*, 495 F.3d 906, 916 (8th Cir.2007).

ADHS presents Brooks's and Speight's applications for the senior auditor and audit coordinator jobs. Speight's experience included working more than twenty years for a family-owned manufacturing company, where he served as CFO and his duties included accounting and financial tasks such as payroll, bank reconciliation, and financial statement preparation. Speight's experience also included working as an internal auditor for Walmart. ADHS notes that qualifications for the senior auditing position included one year in an organizational auditing capacity and that Brooks's application and resume did not state that she performed auditing duties. Brooks argues that her December 2014 application for senior auditor did identify auditing experience because it stated that her

---

when bypassing the prima facie case analysis leads to clarity in framing the issue under review." *Stewart v. Independent School Dist. No. 196*, 481 F.3d 1034, 1043 (8th Cir. 2007).

work at ADHS included validating and researching a database "for early indications of fraud, erroneous payments and allegations on behalf of providers and recipients using data collected from investigative software."[3]  Brooks further argues that her application showed that she had two years of accounting experience, referring to an entry showing more than two years' experience working as a cashier/accounting assistant at Philander Smith College.

Even considering Brooks's experience at ADHS and her cashier/accounting experience at Philander Smith College, the record does not reflect that she had attained the breadth of experience that Speight had attained accounting, finance, and auditing when ADHS selected him for the senior auditor and auditing coordinator positions. Brooks is simply unable to show that she was better qualified for the jobs than Speight. Accordingly, there are no genuine issues for trial and defendants are entitled to summary judgment in their favor.

## IV. Conclusion

For the reasons stated, Defendant's motion for summary judgment [ECF No. 23] is GRANTED.  Pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 27TH  DAY OF SEPTEMBER, 2017.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

3  ECF No. 24-4, at 4.